LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY vs. WILLIAM McGUIRE.

1. FIRE INSURANCE: *Evidence. Occupancy of house insured.*

In case of loss by fire of insured property, it is competent for the insured to testify to the verbal representations he made to the agent of the insurance

company, at the time of effecting the insurance, as to the manner in which the house was to be occupied, and that it would be vacant the next summer, and that it was then vacant.

2. REMOVAL OF CAUSES TO THE UNITED STATES COURT: *Citizenship*.

It is proper to refuse the petition of a party to remove a cause from the state court to the United States court, when it is not shown that either party is a citizen of this state.

INSURANCE: *Ownership of property. Loss by fire.*

It is competent for the insured to testify that he was the sole and exclusive owner of the house insured. Parties applying for insurance are not called on to settle questions of title with very great precision.

4. SAME: *Vacancy of house. Increase of risk. Testimony of experts.*

In the absence of any stipulation in the policy against the house becoming vacant, the testimony of an expert is inadmissible to prove that a risk is increased by a dwelling-house becoming vacant.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

A very full statement of the case, as bearing on the points considered, will be found in the opinion of the court.

The errors assigned are as follows:

1. Said circuit court erred in overruling the motion of the plaintiff in error, who was the defendant in said cause in said circuit court, for a transfer of said cause or suit to the circuit court of the United States for the southern district of the state of Mississippi.

2. Said circuit court of Warren county erred in permitting the defendant in error, said William McGuire, to testify, as a witness in said cause before the jury, that he told the agent of plaintiff in error, at the time he applied for insurance on his house or building, that said house or building was then vacant, and that this fact was then known to said agent.

3. Said circuit court erred in permitting the defendant in error, said William McGuire, to testify, as a witness before the jury in said cause, as to the title or ownership of the building referred to in the policy of insurance sued on in this case, at the time he made application to the plaintiff in error for insurance on the same.

4. Said circuit court erred in refusing to permit W. M.

Chamberlain to testify as an expert in the business of insuring buildings against the risks of fire, as stated in the bill of exceptions in this case, at the time he was offered by plaintiff in error as a witness on the trial of the cause before the jury.

5. Said circuit court erred in giving to the jury each of the several instructions as asked by the defendant in error.

6. Said circuit court erred in refusing to instruct the jury as asked for in the 6th instruction asked on behalf of the plaintiff in error.

7. Said circuit court erred in overruling the motion of the plaintiff in error for a new trial of this cause.

*T. J. & F. A. R. Wharton*, for plaintiff in error :

A misrepresentation as to the title, in reply, in the application, to a question as to the extent of the title, as if the party shall represent the property to be his when only a part of it belongs to him, will avoid the policy. Flanders' Fire Ins., 278 ; also, pp. 295–298. In the case at bar McGuire was owner of only half of the property. The whole property destroyed did not exceed $1,200 in value, and yet the jury found a verdict for $864.49. A warranty is a part of the contract, and must be *exactly and literally fulfilled, whether material or immaterial.* Flanders' Fire Ins., § 2, pp. 204, 205. The *representation becomes a warranty*, and must be complied with. Ib., 207.

It is error to instruct the jury upon a mere hypothetical state of facts, or facts not established by the testimony, though correct in the abstract. Barker *v.* Justice, 41 Miss., 247 ; Burrus *v.* Kelly, ib., 342 ; Clarke *v.* Edwards, 4 ib., 788 ; Hogan *v.* The State, 46 ib., 277 ; Wilson *v.* Kohlhinn, 46 ib., 362 ; Adams *v.* Power, 48 ib., 461. Chamberlain's testimony was admissible as an expert. See Flanders' Fire Ins., p. 495.

The court erred in refusing to transfer the case to the United States circuit court. Stratham *v.* N. Y. Life Ins. Co., 45 Miss., 581.

*M. Marshall*, for defendant in error :

The first question is : Did the court err in refusing to remove

the cause to the United States circuit court?  I think not.  It is alleged that defendant is a foreign corporation, and plaintiff a citizen of the state of Louisiana.  U. S. Stat. at Large, vol. 2, p. 56, § 11; Abbott's U. S. Prac. (1st ed.), vol. 2, p. 33; Conkling's U. S. Courts (1st ed.), p. 296; Peters' C. C. Rep., 44.

Did the court err in permitting plaintiff to testify that, at the time he applied for the policy, he stated to the agent of the company that the house was vacant, and that the fact was well known to the agent?  The second condition on the policy was " that in case of any change by which any degree of risk was increased, without the written consent of the company, the policy shall be null and void."  The house was vacant when the fire occurred.  The testimony was admissible.  See Insurance Co. v. Throop, 22 Mich., 146.  It is sought to enforce a forfeiture.  The general rule is that " the right to insist on a forfeiture is *stricti juris*."  Liberal intendments and enlarged constructions will not be indulged in favor of such forfeiture.  Aurora Ins. Co. v. Eddy, 55 Ill., 213.  " An insurance of a ' dwelling-house ' does not imply an engagement that it shall be always occupied whilst the risk endures."  Cumberland Ins. Co. v. Douglass, 58 Penn. St., 419.

The testimony of Chamberlain was properly rejected.  See Luce v. Dorchester Ins. Co., 105 Mass., 297.

It was not necessary that plaintiff should show a perfect legal title.  Buck v. Chesapeake Ins. Co., 1 Peters, 151; Southern Ins. Co. v. Lewis, 42 Ga., 587; Franklin v. Atlantic Ins. Co., 42 Mo., 456; Combs v. Hannibal Ins. Co., 43 ib., 148.

CAMPBELL, J., delivered the opinion of the court.

The petition of the plaintiff in error for removal of the cause to United States court was properly refused, because it does not show that either party was a citizen of Mississippi. Insurance Co. v. Francis, 11 Wall., 210.

It was not error to allow plaintiff below to testify to the

verbal representations he made to the agent of defendant, at the time of effecting insurance, as to the manner in which the house insured was occupied by him as a dwelling house—*i. e.*, that it was then vacant because of absence of his family, and would be the next summer. Flanders' Fire Ins., pp. 303–304.

It was not error to allow plaintiff to testify that he was the sole and exclusive owner of the house. The objection was not *specifically* made to the testimony as being by parol, without a proper foundation laid for it, and might properly have been overruled on this ground. But it was allowable for plaintiff to show, by parol, the existence of the facts as to the dealings between himself and Beirne, which constituted him beneficially, practically, and equitably, if not strictly in law, the sole and exclusive owner of the house insured. Although the land was conveyed to McGuire & Beirne, as partners—as McGuire speaks of them—if afterwards they erected another house on the land, besides that insured, and dissolved partnership and divided the land, McGuire taking the one house and Beirne the other, it is not admissible for the insurance company to defeat McGuire's recovery on the policy of insurance issued to him on the house assigned to him, in the division between him and Beirne, on the ground of his not being the sole owner of the house. According to his evidence he was such sole owner when the policy was issued and when the loss occurred, and, as the facts which constituted McGuire such sole owner rested *in pais*, it was competent for him to prove them by his own testimony. Parties applying for insurance are not called on to settle questions of title with very great precision. Flanders' Fire Ins., p. 298, *et seq.*

In this case there was no representation of title whatever, in the application for insurance, as shown in evidence. The house was spoken of as " my residence " by the applicant, but nothing was said about " *title*," and there is no condition in the policy which relates to the matter of title. In such case the silence of the insured as to the precise condition of his

title was not a ground of complaint by the company. Flanders' Fire Ins., 277.

The only point of view in which the question of sole and exclusive ownership became important in this case is not as to the right of McGuire to recover on the policy, but as to *how much* he should recover—whether he should recover the whole, or only as having a half interest in the house. His right, upon the facts, to recover for the whole loss, is clear, and it was right to allow him to testify to the facts which entitled him to recovery of the whole.

It was proper to refuse the testimony of the witness, Chamberlain, offered as an expert, to prove that a risk is increased by a dwelling-house becoming vacant. This policy contains no stipulation or condition against the house becoming vacant. The house is described in the policy as the " dwelling-house occupied by " the insured. That was not a warranty that it should remain occupied. Flanders' Fire Ins., 256, note 2, and authorities therein cited ; ib., 485. There was evidence that, when the policy was applied for, the agent of the company was distinctly informed by the applicant that the house should be temporarily unoccupied during the next summer, by reason of the absence of the family of the insured, as it was so unoccupied at the time of obtaining the policy. As this testimony showed in what sense the contracting parties employed the words " *occupied* " as a " *dwelling-house*," and in what way it was understood that the house was a " dwelling-house occupied," it was not relevant to the issue between the parties to prove that vacancy increases a risk. Grant that it does, it was immaterial in this case, if it was the right of the insured to vacate the house for a time without forfeiting the policy, and there was no denial of the truth of the statement of McGuire that such was his right, as resulting from his representation to the agent of the company.

Besides, this policy contains no express condition against the house becoming temporarily unoccupied by the absence of the family during the summer, and, if there had been no evidence

·of a representation by the insured to the agent that the house would be so vacant in the summer, we are not prepared to hold that, under the general terms of the second condition ·of the policy, the right to recover on it for a loss was forfeited by reason of the house having been unoccupied during the summer, while the family of the insured was absent.

The 3d instruction given for plaintiff below must have been based on some evidence not contained in the bill of exceptions. It was improper to give it upon the evidence presented by the record, but we do not think it possible that the jury could have been misled by it.

We find no error in the others.

The 6th instruction asked by defendant below should have been given, but its refusal was cured by the 8th instruction, which was given, and applied directly to the disputed matter between the parties. The 6th instruction is that, unless plaintiff was the sole and exclusive owner of the house, he could not recover. The 8th is that, if plaintiff was owner of only a half interest, he could recover only for one-half the loss.

There was no error in overruling the motion for a new trial. The judgment is affirmed.