## S. A. MILLER ET AL. *v.* PHENIX INSURANCE Co.

### [56 South. 449.]

FIRE INSURANCE. *Representations as to title. Evidence. Mistake.*

When in a suit by the owner on a fire policy, the defendant denied liability on the ground that there had been a breach of representation as to ownership, in that there was an undisclosed deed of trust on the property in addition to a mortgage which was disclosed, it was error for the court to exclude evidence that the insured property was inserted in the trust deed through a mistake, both on the part of the grantor and also on the part of the beneficiary as in such case the deed of trust in the eye of the law was no encumbrance upon the property.

APPEAL from the circuit court of Madison county.

HON. W. A. HENRY, Judge.

Suit by S. A. Miller et al. against the Phenix Insurance Company. From a judgment for defendant, plaintiff, S. A. Miller, appeals.

The facts are fully stated in the opinion of the court.

*Reid & Foot,* for appellant.

Appellee's whole brief is based on the idea that appellant was guilty of concealment and for that reason the policy was void.

CONCEALMENT.—"Concealment, according to the law of insurance, is the designed and intentional withholding

of any fact material to the risk which the assured in honesty and good faith ought to communicate." *Clark* v. *Union Mut. Fire Ins. Co.,* 40 N. H. 33, 338, 77 Am. Dec. 721; *American Artistic Gold Stamping Co.* v. *Green Falls Ins. Co.,* 20 N. Y. Supp. 646, 648, 1 Misc. Rep. 114; Words and Phrases, 1380.

Therefore, we see that the concealment must be: first, designed and intentional; second, of a material fact; third, which the insured in honest and good faith should have communicated.

We submit as an elementary proposition of law, needing no citation of authorities, that the question whether or not under the facts in this case appellant was guilty of designedly and intentionally concealing the existence of the undisclosed mortgage was a question of fact for the jury.

The lower court by its peremptory instruction took this question away from the jury; the court must remember that appellee has abandoned the defense that the undisclosed mortgage amounted to a breach of the warranty under the clause of sole and unconditional ownership and now relies entirely on the defense of concealment.

The question of the materiality of the fact concealed is likewise a question for the jury. *Davis* v. *Aetna Mut. F. Ins. Co.,* 67 N. H. 335, 39 Atl. 902; *Franklin F. Ins. Co.* v. *Martin,* 40 N. J. L. 568, 29 Am. Rep. 271; 19 Cyc. 677; Elliott on Insurance, par. 90.

The learned judge also encroached on the province of the jury in granting the peremptory instruction when he took the question of whether or not the undisclosed deed of trust was a material fact out of their hands.

The good faith and honesty of the appellant in the premises. We challenge appellee to point out any fact or facts in this record from which anyone could even remotely infer that appellant was not acting in good faith and honesty in taking out of the policy.

Undisclosed Encumbrances.—We submit that there was but one deed of trust in force against this property with which appellee was not acquainted, as the records show that the deed of trust in book —, page 239, was satisfied by the deed of trust. Book —, page 456.

We submit also that the deed of trust in book —, page 456, was in fact no encumbrance on the property insured and we should have been allowed to have shown this.

Under these facts there is no question but that this deed of trust would have been subject to revision in a proper suit in chancery. This fact alone repudiates appellee's theory of concealment.

A man can certainly not be guilty of designedly and intentionally concealing a fact with which he is not acquainted. See Elliott, par. 86.

*McLaurin, Armistead & Brien,* for appellee.

There is no pretense that Mr. Floyd Parker, the agent and representative of S. A. Miller, who obtained the policy in suit, gave to Foot & Company, through Mr. Roberts, any information whatever of the deeds of trust executed by S. A. Miller and wife to A. N. Parker, book —, page 239, and book —, page 456. These deeds of trust cover the property insured under the policy sued on, designated as the "Singleton property." See deed of trust supplied in record file March 27, 1911. Also, second deed of trust supplied in record covering the "Singleton House property." These deeds of trust are attached together.

The court will notice two typewritten deeds of trust that are fastened together filed March 27, 1911, and these two deeds of trust are the deeds of trust recorded in book —, page 239, and book —, page 456, of the records of Madison county and which were introduced in evidence, as shown by the record on page 39.

It is not denied that these two deeds of trust were not brought to the knowledge of Mr. Roberts, acting for Foot

& Company, the agents, although Mr. Roberts was advised of the deed of trust on the same property to F. B. Pratt, the trustee, to secure W. A. Caldwell for the sixteen hundred dollar loan with eight per cent interest, payable to G. W. Covington, administrator, as the same appears on the original policy on file in this record in the mortgage clause attached to the policy. Therefore the court is bound to see that these deeds of trust on this property were discussed and the Covington deed of trust made known to the company and they agreed to take the risk with the Covington deed of trust upon it, which was done, as shown by the policy, but Mr. Roberts, the representative of Foot & Company, testifies that he would not have issued this policy if he had known of the deeds of trust which were concealed and not disclosed to him at the time the policy was issued. In other words, the true status of this property was not made known to Foot & Company, agents of the Phenix Insurance Company, at the time the policy was issued, which constitutes a clear concealment. In the case of *Rosenstock* v. *Ins. Co.*, 82 Miss. 674, on page 687, in the concluding part of the opinion, Judge Whitfield approves the holding of Judge Sanborn in *Syndicate Ins. Co.* v. *Bohn*, 65 Fed. 165, 27 L. R. A. 614, wherein the court used this language:

"It is contended that the contracts in these policies which exclude the Bohns from insurance under them upon any interest but that of unconditional ownership are without binding force, because no inquiry respecting their title was made by the company, and no statement concerning it was made by the Bohns when these policies were issued. But neither inquiry nor statement, before the issue of the policies, was requisite to the validity of these contracts. The contracts containing, as they did, the stipulations that they should be void if the interest of the assured had not been truly stated to the company, or if it was not truly stated in the policy, or if it was not the sole and unconditional ownership of the property

described, and their silence and acceptance of the poli-
cies was the answer," citing many authorities. We ap-
prove this as a correct statement of the law. See, also,
1 May, Ins. (4th Ed.), secs. 2, 3, 87a. A conclusive case
that no inquiry is required will be found In re *Millers.
& Manufacturers Ins. Co.* (Minn., S. C.), 106 N. W. Rep.
(May 1, 1909), 485.

This authority absolutely settles the contention of ap-
pellant in this case, that inquiry had to be made of the
assured as to his interest in the property insured and
because of the fact, as claimed by the appellant in this
case, that no inquiry was made, the insured could prac-
tice as big a fraud as possible on the insurance company
and collect the money.

This court, adopting the language of Judge Sanborn,
says: That neither inquiry nor statement before the
issue of the policies was requisite to the validity of these
contracts. The contracts containing as they did, the stip-
ulation that they should be void if the interest of the
assured had not been stated to the company, or if it was
not truly stated in the policy and their silence and ac-
ceptance of the policy was answer.

McLEAN, J., delivered the opinion of the court.

This is a suit brought by appellant, Miller, and one
Mrs. Bessie C. Tucker on a policy of fire insurance issued
by the appellee on December 22, 1907, insuring the prop-
erty against loss or damage by fire for one year from
that date. The property covered by the policy was de-
stroyed by fire on January 2, 1908. This policy, taken
out on December 22, 1907, was a renewal of a policy that
was previously issued by the appellee on the same prop-
erty, for the same amount, and payable to the same par-
ties. Mrs. Bessie C. Tucker is shown to be the heir at
law of a certain mortgagee, for the payment of which
there was a mortgage clause attached to the policy sued
on, payable to G. W. Covington, administrator, which

mortgage clause is dated December 22, 1907, and this mortgage clause secured the payment of a deed in trust for sixteen hundred dollars with eight per cent interest, payable one year after date; the mortgage and interest amounting to something like twenty-two hundred dollars, which was paid by the insurance company to Mrs. Bessie C. Tucker, and this suit, so far as she was concerned, was satisfied. The policy of insurance was for twenty-five hundred dollars, and the suit between S. A. Miller, the assured, the sole plaintiff, who claimed to be the sole owner of the property, and the insurance company, defendant, is for the difference in the amount of the policy between the Bessie C. Tucker mortgage, amounting to about twenty-two hundred dollars, and the face value of the policy, twenty-five hundred dollars, thus making the amount involved in this suit, say, in round figures, three hundred dollars. The defendant, among other things, pleaded that there were two deeds of trust in addition to the Covington mortgage above named and mentioned in the clause attached to the policy; that the insurance company had no knowledge, at the time of the issuance of this policy, of the two trust deeds, and, if it had known of the existence thereof, it would not have insured the property; and that this constituted a concealment under the terms of the policy sued on—this provision in the policy being as follows: "This entire policy shall be void, if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after the loss."

The facts relative to the two deeds in trust are as follows: On the 14th day of July, 1905, S. A. Miller and his wife executed a deed in trust, wherein they conveyed

to one N. M. Reid, trustee, for the use and benefit of
A. N. Parker and F. P. Pratt, certain property, for the
purpose of securing to the beneficiaries therein named
certain sums of money. The property covered by this
instrument embraced, with other property, the property
mentioned as the "Singleton House property." On the
margin of the record wherein this instrument was re-
corded is written this satisfaction: "This deed of trust
satisfied by renewal February 13, 1906. See book —,
page 456. [Signed] Noland M. Reid, Trustee." On Feb-
ruary 13, 1906, the same grantors conveyed to the same
trustee, Noland M. Reid, the same property mentioned
in the trust deed bearing date 14th day of July, 1905,
for the purpose of securing to A. N. Parker the sum of
eleven hundred dollars. This last deed of trust also
covered the property known as the "Singleton House
property" (being the property covered by the insur-
ance). In the application, which was verbal, for the in-
surance policy, nothing was said to the insurance com-
pany relative to either of these two deeds of trust, and
there was no notice thereof to the insurance company,
and no mortgage clause attached relative to either of
these two trust deeds. Under this state of facts, the de-
fendant pleaded and insisted upon the trial that the in-
surance policy was void. The plaintiffs in reply offered
to prove that the "Singleton House property" covered
by the insurance policy was inserted in the trust deed
under a mistake; that it was neither the purpose nor the
intention of either the grantor, Miller, or of the bene-
ficiary, Parker, that this trust deed should cover and em-
brace the "Singleton House property;" that neither the
plaintiff nor the beneficiary, Parker, knew that said trust
deed covered the "Singleton House property" until af-
ter the institution of this suit; and that, consequently,
there was in truth and in fact, so far as these trust
deeds were concerned, no incumbrance upon the prop-
erty. The court declined to permit the plaintiff to make

this proof, and at the close of the evidence gave a peremptory instruction to find for the defendant.

In this, we think the court erred. If it be true that the "Singleton House property" was inserted in the trust deed through a mistake, both on the part of the grantor and also on the part of the beneficiary, it was in truth and in fact in the eye of the law no incumbrance upon the property. There is no question but what a court of chancery, upon the proper proceeding, would correct this trust deed so as to reform it agreeably to the intention of the parties. How can it be said that the trust deed covered the property, when it was foreign from the agreement of the parties, both the grantors and the grantee? Suppose Miller had executed a third deed of trust to some third party covering the property in controversy, and suppose that before the issuance of the policy this trust deed had been paid off and discharged, and that the beneficiary or the trustee had failed to mark the trust deed satisfied on the record; could it be said in such a case that the trust deed was still a valid and subsisting incumbrance upon the property? Would it not be admissible to prove by parol that the trust deed had been satisfied by an actual payment, and consequently it was in truth and in fact no existing incumbrance? Suppose that Jones is the owner of two pieces of property situated in the city of Canton, one described as lot 10 and the other described as lot 20, and suppose that Jones sells to Smith lot 20, that through an error in the scrivener who drafts the conveyance Jones conveys to Smith lot 10, and suppose that subsequently thereto Jones secures insurance upon the buildings situated upon lot 10, and after the property upon lot 10 is destroyed by fire it is then, for the first time, discovered that a mistake was made in the description of the property which Jones had sold to Smith; could it be said in such a case that Jones was not the owner of lot 10? True, the legal title to lot 10 on the face of the

record would be in Smith; but it is held by all of the courts that, if the assured has the equitable interest in the property, nothing but the mere naked legal title outstanding, this does not affect the insurance policy. He would still be the sole and exclusive owner of the property within the meaning of the policy. *Phenix Ins. Co.* v. *Bowdre,* 67 Miss. 620, 7 South. 596, 19 Am. St. Rep. 326; *Insurance Co.* v. *McGuire,* 52 Miss. 227. And could not either of the parties, Jones or Smith, by proceedings in a court of chancery, have the deed corrected so as to conform to the actual intent of the parties?

So we say here, if it be true that the trust deed of Parker, as beneficiary, was made to embrace this property, "the Singleton House property," through an error or a mistake, would it not in law be no trust deed or incumbrance? To ask the question is to answer it. How, then, can it be said that there was a concealment? We therefore say that it was error for the court to refuse to permit the plaintiff to show what he offered to show by his evidence. The court cannot determine the weight or the value of testimony, nor the credibility of the witnesses. This is a matter which is left alone to the jury to determine. *Reversed and remanded.*