## S. A. MILLER *v.* PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK.

### [61 South. 983.]

1. INSURANCE. *Action on policy. Good faith. Question for jury. Concealment.*

In a suit for loss under a fire insurance policy, defended on the ground that insured had failed to disclose incumbrances on the property destroyed, at the time of the issuance of the policy, where the insured had made no representations and testified that he did not know of the incumbrance and had not intended to include the property in a trust deed given by him, the *bona fides* of the insured should have been left to the decision of the jury.

2. INSURANCE. *Concealment. Avoidance of policy.*

Concealment and misrepresentation, generally speaking, are affirmative acts, and while it is true that mere silence may often be tantamount to concealment, or misrepresentation, yet this is a question of fact, and it does not follow that a mere failure to speak is *ipso facto* a concealment; this depends upon the facts of the particular case.

APPEAL from the circuit court of Madison county.

HON. W. A. HENRY, Judge.

Suit by S. A. Miller against the Phenix Insurance Company of Brooklyn, New York. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Reed & Foot* and *Powell & Thompson,* for appellant.

*McLaurin, Armistead & Brien,* for appellee.

No brief of counsel on either side found in the record.

COOK, J., delivered the opinion of the court.

Upon a former appeal to this court, by appellant, this case was reversed and remanded, because appellant was

not permitted to testify to facts going to show that a failure to disclose the existence of two deeds of trust on the insured property was not a concealment or misrepresentation of material fact, within the meaning of the policy of insurance.   100 Miss. 311, 56 South. 449.

When the case was retried in the circuit court, the court again excluded the testimony of appellant, and directed a verdict for the defendant insurance company. We think this was error.   The evidence shows that appellant, the owner of the property, did not make application for the insurance not disclosed when the present policy was written; that the prior insurance was written at the request of the holder of the deeds of trust, and no representations of any kind were made by him; that the two deeds of trust upon the property in question were written by a lawyer, since deceased.   Appellant testified that he did not know the property which is the subject of this suit was embraced in the trust deed, and it was not his intention that same should be included.   The evidence of the intention of the holder of the indebtedness secured by the trust deeds is negative.   It seems that the security and the preparation of the trust deeds was left entirely to the lawyer, since deceased.

We think the *bona fides* of the insured should have been left to the decision of the jury.   We are unable to agree with appellee that this court has decided the point involved adversely to the contention of appellant.   The case nearest in point, which has come to our attention, is *American Insurance Company* v. *Mahone,* 56 Miss. 192.   In that case, the court inferentially decides against appellee, and while the precise point was not before the court, we think the reasoning is in line with the great weight of authority.

Concealment and misrepresentation, generally speaking, are affirmative acts, and while it is undoubtedly true that mere silence may often be tantamount to concealment, or misrepresentation, yet this is a question of

fact.  It does not follow that a mere failure to speak is *ipso facto* a concealment; this depends upon the facts of the particular case.  Elliott on Insurance, 80; *Daniels* v. *Hudson River Co.,* 12 Cush. (Mass.) 416, 59 Am. Dec. 192.

The question of fact should be left to the decision of the jury.  If there is evidence of fraud, or if the appellant in honesty and good faith should have known and disclosed the facts, are questions of fact for the arbitrament of the jury.  *Aetna Insurance Co.* v. *Miller,* 113 Md. 686, 78 Atl. 483; *Sussex County Mut. Ins. Co.* v. *Woodruff,* 26 N. J. Law, 541.

*Reversed and remanded.*