VICKSBURG AND MERIDIAN RAILROAD COMPANY *v.* H. A. HEDRICK.

EVIDENCE. *Falsus in uno, falsus in omnibus. Willfully.*

The maxim of *falsus in uno, falsus in omnibus* is applicable only where the witness *willfully* swears falsely.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

H. A. Hedrick brought this action against the Vicksburg and Meridian Railway Company to recover one hundred dollars as the value of a mule alleged to have been killed by one of the defendant's trains.

At the trial one witness testified for the defendant and related what he said were the circumstances attending the killing of the mule. His testimony was in conflict with that given for the plaintiff. The second instruction given for the plaintiff was in the following language : " If the jury believe from the evidence that defendant's witness testified falsely in one particular, they may disbelieve his whole testimony, if it is not corroborated by other testimony." The verdict and judgment were for the plaintiff, and the defendant appealed.

*W. L. Nugent,* for the appellant.

The maxim *falsus in uno, falsus in omnibus* has no reference whatever to a case of controverted fact. Before the rule can be applied to the testimony of a witness it must be shown that it is *willfully false.* This *willful falsity* is essential ; it goes to the constitution of the witness—his psychological entity. It has no reference to the words spoken by witnesses in the course of their examination, because of their conflict merely. If this were not so,

every contradiction in the details of a transaction would warrant the charge given by the court in this case. Rapalje and Law. Law Dic., vol. 1, p. 500 ; *Wilkins* v. *Earle,* 44 N. Y. 172.

*H. Peyton,* for the appellee.

In nearly all cases where stock is killed by railroads, the only eye-witnesses to the killing are those under the employ of the railroad companies, who nearly always *meet the burden* imposed by law by interposing a foggy story, and the plaintiffs in such cases, by reason of the existence of such circumstances, must rely on facts incident to the killing to show that the witnesses are unworthy of belief. The maxim of *falsus in uno, falsus in omnibus* acquires peculiar force in this class of cases, where juries make up their verdicts on such contradictory testimony.

Cooper, J., delivered the opinion of the court.

The second instruction given for the plaintiff is erroneous. The maxim of *falsus in uno, falsus in omnibus* cannot be invoked except where the witness has *intentionally* given false testimony. *White* v. *The State,* 52 Miss. 227; *Callahan* v. *Shaw,* 24 Iowa 441 ; *Brennan* v. *The People,* 15 Ill. 511 ; *Crabtree* v. *Hagenbaugh,* 25 Ill. 233.

*Judgment reversed and case remanded.*