SARDIS & DELTA RAILROAD COMPANY *v.* WILLIAM J. McCOY.

WITNESSES. *Rejection of false testimony. Instruction. Right of jurors.*
   An instruction is erroneous which advises the jury that they may
   reject the entire testimony of a witness who has sworn falsely
   in any particular, without embodying the limitation that such
   false swearing must have been done wilfully, knowingly, and
   corruptly.

FROM the circuit court of, first district, Panola county.

HON. J. B. BOOTHE, Judge.

McCoy, the appellee, was plaintiff, and the railroad company,
appellant, defendant in the court below. The suit was for
the value of a mule killed by a train on the track of the railroad
company. From a judgment in plaintiff's favor, the defendant
appealed to the supreme court. The instruction passed upon
and condemned by the supreme court was as follows: "The
court instructs the jury that they are the sole judges of the
weight of evidence and the credibility of witnesses, and may
give just such weight to the testimony of any witness as, in the
light of all other facts and circumstances in the case, they may
think it entitled to; and if they believe that any witness has
testified falsely in any material point, they may reject the tes-
timony of such witness altogether."

*Shands & Shands,* for appellant.

The second instruction given for plaintiff is objectionable
and erroneous for two reasons: It charges the jury that "if they
believe that any witness has testified falsely, they may reject
the testimony of such witness altogether." This leaves out the
important qualification of "knowingly" testifying falsely, which
is the thing that gives the jury the right to reject such testi-
mony. This must have had an influence upon the jury, for they

evidently did reject the testimony of the two witnesses for the defendant, or they could not have found the verdict they did.

The instruction is also objectionable and erroneous, for there was nothing whatever in this record to make the testimony of the two witnesses for the defendant appear improbable or unreasonable, and they are uncontradicted; and it has been expressly decided by this court that in that state of case such an instruction should not have been given. *Railway Co.* v. *Tate,* 70 Miss., 348. The giving of this instruction for plaintiff would naturally tend to make the jury believe that the court considered the testimony of such witness questionable, to say the least. We consider the instruction, therefore, misleading and harmful error.

*L. F. Rainwater,* for appellee.

The facts present a case for the jury, and not for the court. As was said by the court in *Mobile, etc., R. Co.* v. *Holt,* 62 Miss., 173 : "This case is peculiarly a question of common sense and common experience, and as such should be left to the jury. The jury having answered it for the plaintiff, this court should not interfere."

There was no error in the instructions of the court, and the judgment should be affirmed.

TRULY, J., delivered the opinion of the court.

This is a very close case on the facts, so close that the error of law in granting the second instruction for the plaintiff is fatal. We again announce that, where jurors are instructed as to their right to reject the testimony of witnesses on the ground that they have sworn falsely to any part of their testimony, the instruction should always contain the limitation that such false swearing was "willfully, knowingly, and corruptly" done. The instruction under review does not contain this necessary qualification.

*Reversed and remanded.*