NEIL DAVIS *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 541.]

CRIMINAL LAW AND INSTRUCTION. *Credibility of witness. Falsus in uno, falsus in omnibus. Weight of evidence.*

> An instruction carries the doctrine of *falsus in uno, falsus in omnibus*, beyond its true scope if it directs a jury in the event they disbelieve any statement of the witness, to disregard his entire testimony, and is besides on the weight of the evidence.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Davis, the appellant, was tried for and convicted of an assault with intent to murder one Joseph Mashburn, and appealed to the supreme court.

The instruction, referred to in the opinion, and condemned by the court, was in these words: ·

"The court instructs the jury for the state, that you are the sole judges of the weight of the testimony and the credibility of each witness, and if, from the evidence in this case, you believe any witness testified falsely to a material fact, it is your duty to, and you should, disregard the testimony of such witness."

*J. H. Mize,* for appellant.

The court erred in granting the second instruction for the state, which directed the jury that if they believed from the evidence that any witness had testified falsely to a material fact, it was their duty to disregard the testimony of such witness.

There are three objections to this instruction: (1) It does not state that the witness must have "wilfully" testified falsely to a material fact in order for his testimony to be disregarded.

*White* v. *State,* 52 Miss., 216; *Finley* v. *Hunt,* 56 Miss., 221; *Cameron* v. *Wentworth,* 23 Mont., 70; *People* v. *Hicks,* 53 Cal., 354; *People* v. *Luchetti,* 119 Cal., 501; *State* v. *Buchler,* 103 Mo., 203, and *State* v. *Frederich,* 4 Wash, 204.

In *Railroad Co.* v. *McCoy,* 85 Miss., 391, this court condemned an instruction in many respects similar to the one complained of here, saying: "We again announce that where jurors are instructed as to their right to reject the testimony of any witnesses on the ground that they have sworn falsely to any part of their testimony, the instruction should always contain the limitation that such false swearing was "wilfully, knowingly and corruptly done." And see *Railroad Co.* v. *Tate,* 70 Miss., 348. (2) The second objection to the instruction is that it is mandatory. It directs the jury not only to disregard the testimony of such witness, but further tells them that it is their duty to do so. Even if the word "wilfully" were in the instruction, it would not be correct, inasmuch as it would still be mandatory. (3) Thirdly, the instructon is erroneous, because there was no wilful and corrupt false swearing on the trial. The record nowhere discloses any evidence on which this instruction, even if correctly drawn, could be given.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It must be conceded that the second instruction for the state does not correctly state the law. Whether the lower court's error in giving this instruction can be treated as harmless, is respectfully submitted to the court.

Argued orally by *J. H. Mize,* for appellant, and by *R. V. Fletcher,* assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

The second instruction given the state represents the doctrine, *"falsus in uno, falsus in omnibus,"* in its most objectionable shape. As given, it is a charge on the weight of evidence, and

tells the jury, in effect, that, if they believe any statement of a witness untrue, they must believe all he said, whether or not the statement was wilfully, knowingly or corruptly made, and whether or not they do, in fact, believe his other statements to be true. *White* v. *State,* 52 Miss., on p. 227; *Finley* v. *Hunt,* 56 Miss., 221, and *Sardis & Delta R. Co.* v. *McCoy,* 85 Miss., 391 (37 South. Rep., 706), cited by appellant's counsel, and 2 Wigmore on Evidence, sec. 1008, and *Boykin* v. *State,* 86 Miss., 481 (38 South. Rep., 725). We do not now decide any other assignment of error.                    *Reversed and remanded.*