CHARLES F. WOFFORD v. STATE.

[56 South. 162.]

CRIMINAL LAW. *Instructions. Weight of evidence.*

> An instruction that, "if the jury believe that any witness has testified falsely in the case to any material matter, they have a right to reject all of the testimony of such witness, if they see proper," is erroneous in omitting the qualifying clause that the false swearing must have been intentionally and corruptly done.

APPEAL from the circuit court Chickasaw county.

HON. JOHN H. MITCHELL, Judge.

Charles. F. Wofford was convicted of manslaughter and appeals.

The facts are as follows:

On appeal accused assigns as error the granting of instruction No. 4 asked by the state, which is as follows: "No. 4. The court charges the jury that they have a right, in passing on the weight of the evidence of any witness, to take into consideration the interest the witness may have in the case, one way or the other, if any is shown; and in this case, if they believe that any witness has testified falsely to any material matter, they have a right to reject all of the testimony of said witness, if they see proper."

*Joe H. Ford,* for appellant.

The first error I notice is the giving of instruction No. 4 on part of the state. That instruction reads as follows:

"The court charges the jury that they have a right, in passing on the weight of the evidence of any witness, to take into consideration the interest the witness may have in the case, one way or the other, if any is shown, and in this case, if they believe that any witness has

testified falsely to any material matter, they have a right·
to reject all of the testimony of said witness if they see
proper.

This instruction has always been condemned by this
court. It invokes the rule or maxim *"falsus in uno,
falsus in omnibus,"* and fails to submit to the consider-
ation of the jury, all the elements that make up the. rule
of law on the subject. The draftsman failed to tell the
jury that the witness has "willfully and corruptly"
sworn falsely as to a material fact. As said by this
court, in *White* v. *State,* 52 Miss. 227, "The false swear-
ing must be willful. The prayer does not exclude the
idea of mistake or misconception." *White* v. *State,* 52
Miss. 216. This doctrine was in substance supported by
the court in *Finlay* v. *Hunt,* 56 Miss. 22. This identical
instruction was condemned by this court in *Vicksburg,
etc., R. Co.* v. *Herrick,* 62 Miss. 28, in the following lan-
guage:

"The second instruction given for the plaintiff is er-
roneous. The maxim of *falsus in uno, falsus in omni-
bus* cannot be invoked except where the witness has in-
tentionally given false testimony." In *Sardis & D. R.
Co.* v. *McCoy,* 85 Miss. 391, 37 So. 706, this court said
as to an instruction almost exactly like the one here:
"'We again announce that where jurors are instructed
as to their right to reject the testimony of witnesses on
the ground that they have sworn falsely to any part of
their testimony, the instruction should always contain
the limitation that such false swearing was 'willfully,
knowingly and corruptly' done. The instruction under
review does not contain this necessary qualification."

This same doctrine is positively recognized and ad-
hered to in the following cases from this court: *Davis*
v. *State,* 89 Miss. 119, 42 So. 541; *Bell v. State,* 90 Miss.
104, 43 So. 84; *Turner* v. *State,* 50 So. 629; *Waldron* v.
*State,* 54 So. 66; *Riley* v. *State,* 75 Miss. 352.

Other eminent authorities which unqualifiedly con-
demn this instruction are 30 Amer. & Eng. Ency. Law
(2d Ed.), p. 1072, substitute *"falsus in uno, falsus in
omnibus"* and many decisions cited. Vol. 1, sec. 254,
Blashfield's Instructions to Juries and the long list of
cases cited in the notes; Wigmore on Evidence, secs.
1008 to 1015.

*James R. McDowell,* assistant attorney-general, for
appellee.

The fourth instruction would, under ordinary circum-
stances, in my judgment, be erroneous, because of the
omission of the words, "knowingly, willfully or cor-
ruptly," or words similar. It is hard, however, to con-
ceive that the jury were misguided in this particular
case, though our court has always, where facts are dis-
puted, held, that an instruction on the doctrine of *"fal-
sus in uno, falsus in omnibus"* should contain the words
here omitted. The *Waldrop case,* 54 So. Rep. 66, may
save this instruction. I submit the question to the court.

SMITH, J., delivered the opinion of the court.

The fourth instruction, granted by the court at the re-
quest of the state, is erroneous. It omits the qualifying
clause that the false swearing must have been intention-
ally and corruptly done. *White* v. *State,* 52 Miss. 216;
*Railroad Company* v. *Hedrick,* 62 Miss. 28; *Railroad Co.*
v. *McCoy,* 85 Miss. 391, 37 South. 706; *Davis* v. *State,* 89
Miss. 119, 42 South. 541; *Bell* v. *State,* 90 Miss. 104, 43
South. 84; *Turner* v. *State,* 95 Miss. 879, 50 South. 629;
*Waldrop* v. *State,* 54 South. 66.

*Reversed and remanded.*