WILBOURN v. CHARLESTON COOPERAGE CO.

[90 South. 9. No. 22036.]

1. NEGLIGENCE. *Dealer's employee held customer's invitee entitled to reasonably safe working place.*

   A person delivering ice to his employer's customer, the owner of a stave mill, in making delivery in the usual manner required by his employer, injured by coming in contact with a saw in such stave mill, was, in his relation to the owner of the stave mill while in the performance of his said duty, not a mere licensee but an invitee; and as such the owner of the mill was due him as such invitee the duty to furnish him a reasonably safe place to perform his duties.

2. NEGLIGENCE. *Duty to warn invitee of dangers defined.*

   The owner of a stave mill containing dangerous machinery, who directly or by implication invites or induces another to go therein, owes such person the duty to have his premises in a reasonably safe condition and to give warning of latent or concealed peril in and about such machinery, and the owner of such mill and machinery is liable for any injury received by the invitee occasioned by the unsafe condition of the machinery therein, provided such unsafe condition is known to the owner and not the invitee; there being no liability of the owner to the invitee where the danger is obvious and known to the latter.

3. NEGLIGENCE. *Injuries to invitee by unguarded machinery not actionable unless reasonably to be foreseen.*

   The owner of a stave mill containing dangerous machinery is not liable for an injury received by an invitee by coming in contract with

such machinery because the same was not guarded, unless such owner might have reasonably foreseen that some injury might result to such invitee, or some other person occupying a similar position, by such failure to guard.

APPEAL from circuit court of Tallahatchie county.

HON E. D. DINKINS, Judge.

Action by Frank Wilbourn against the Charleston Cooperage Company. Judgment for defendant on a directed verdict, and plaintiff appeals. Affirmed.

Appellant, Wilbourn, sued the appellee, Charleston Cooperage Company, a corporation under the laws of this state, for damages for an injury caused by having the forefinger of his left hand cut off by a circular saw operated in appellee's stave mill. After all of the evidence for both sides was in, the court directed a verdict for the appellee, and judgment was entered accordingly, from which the appellant prosecutes this appeal.

This action of the court is the basis of the only error assigned. Therefore, in considering the question involved, every fact necessary to the establishment of plaintiff's case which the evidence proves directly or by inference should be treated as proven. So treating the evidence, the following state of case was proven on behalf of the plaintiff: The appellee was engaged in the manufacture of staves. There was located in its stave mill a water barrel from which drinking water for a large number of the employees of appellee was furnished. This barrel held about eighty gallons of water, and was so located upon the floor where it sat that it was from six to seven feet from the floor to the top of the barrel. Hanging over the barrel was a water faucet or hydrant which was the source of water supply for filling the barrel for drinking purposes. This faucet was also used for washing off the ice that was daily put into the barrel to cool the water so that it would be fit for drinking purposes. The floor or platform on which the barrel stood and which surrounded it was of oak three inches thick. On the floor around the barrel was kept saw-

dust to soak up the waste water that was thrown' out by the employees after drinking as well as the waste water that ran out over the floor from the faucet when the ice was washed off which went into the barrel.  Four feet from this barrel, according to the estimate of the appellant, and six feet, according to actual measurement, there was located a circular saw which was one of the instrumentalities used by the appellee in manufacturing staves.  This saw was built into and revolved in a bench or table about two and a half feet above the floor of the building.  This table or bench was about thirty inches wide and the saw revolved through the center of it; therefore, the table extended out on each side of the saw about fifteen inches.

The Charleston Coal & Ice Company furnished the ice that went into the barrel referred to for the purpose of cooling the water.  The said ice company delivered for this purpose to the appellee every morning one hundred pounds of ice.  The appellant was the employee who drove the ice wagon for the said ice company and delivered the ice to appellee.  It was his duty, required of him by the appellee as stated in his evidence, to wash off the one hundred-pound block of ice and put it into the barrel.  On the morning of the injury he proceeded as usual to wash off the ice by turning the faucet which hung over the barrel to one side and turning the water on the ice from that; and on this particular occasion he had another negro, a boy with him helping.  After washing the ice off, he and the boy took hold of it with their ice hooks and attempted to raise it and put it into the barrel, when the hold of the boy broke loose and the ice dropped.  Appellant then made an effort to raise the ice with his hooks, when he slipped and fell backwards, and in falling in order to catch involuntarily threw his left hand back, striking the circular saw referred to, which cut off his forefinger.  Appellant showed by his own testimony that he knew of the location of the saw, that it was continuously in operation while the mill was running; that he knew the floor was wet notwithstanding the space around the barrel was covered with sawdust for the

purpose of soaking up the waste water and to stand on; and that it had been made wet by waste water thrown on it by the employees of the appellee in drinking, and also by himself in washing off the ice before putting it into the barrel; and that he had been delivering ice for his employer to the appellee for some time, and knew the surroundings and the location and situation of the saw. He showed that whatever danger there was on account of the floor being wet as well as on account of the saw was apparent and obvious. The testimony for appellant also tended to show that if the saw in question had been guarded by a frame, the injury would not have occurred; and that such a guard would not have materially interfered with the operation of the saw.

*James Stone, Oldham, Stone & Stone* and *Greek L. Rice,* for appellant.

It is the contention of the appellant that the trial court erred in directing the jury to find for the appellee, defendant below, because: 1. The appellant was an invitee of the appellee, defendant below. 2. As such invitee the appellant was injured, and that his injury was proximately due to negligence on the part of the appellee, defendant below. 3. There being a conflict in the evidence as to what the proximate cause of the injury sustained by the appellant, this question should have been left to the discretion of the jury and it was not within the province of the trial court to direct the jury to find for the appellee. 4. Even if the trial judge believed the testimony for the appellee, defendant below, still under the law in Mississippi the appellant, plaintiff below, is entitled to recover if his injury was proximately due to negligence on the part of the appellee even though forgetfullness or neglect of the appellant himself contributed to his injury. *Allen* v. *Y. & M. V. Railroad* (1916), 111 Miss. 267, 71 So. 386; *Lepnick* v. *Gaddis,* 72 Miss. 200, 16 So. 213, 26 L. R. A. 686, 48 Am. St. Rep. 547; *I. C. Railroad Company* v. *Dillon* (1916), 111 Miss.

520, 71 So. 809; *Lepnick* v. *Gaddis* (1894), 72 Miss. 200, 16 So. 213, 26 L. R. A. 686, 48 Am. State Rep. 547.

Second—It is the contention of the appellant that the injury of the appellant was proximately due to the negligence of the appellee and its employees, and that, for this reason, the trial court erred in directing the jury to find for the appellee, defendant below.

We respectfully submit that it is obvious to any mind in the world that if this saw had not been left unguarded, or. if this water container had been located fifty (50) feet from any saw, then this appellant would not have been injured while he was attempting to put a block of ice in the water container.

Third—It is the contention of the appellant that, whatever may have been proximately the cause of the injury suffered by the appellant, and whatever neglect by whatever person or persons may have occasioned the injury suffered by the appellant, that there is a direct conflict of evidence as to the proximate cause of the injury suffered by the appellant; and that there being a direct conflict of evidence on said essential points the question of the proximate cause of the appellant's injury should have been left for the jury to determine, and that the trial court, in peremptorily directing the jury to find for the appellee, defendant below usurped the constitutional powers of the jury and really decided disputed questions of fact. *Campbell* v. *Gulf & M. & N. Railroad Company* (1921), 89 So. 1.

Fourth—It is the further contention of the appellant that if the undisputed facts regarding the location and handling of this saw be considered, and if it be true that the appellant would not have been injured, if this saw had not been running at this particular time, and at this particular place, then it does not matter what neglect the appellant may have been guilty of. Whatever negligence the appellant may have been guilty of can only be considered in reducing the amount of damages which the jury would otherwise award. It is our contention that, even if the appellant was grossly negligent, yet but for the prior

negligence of the appellee the injury to the appellant would not have occurred.

Under the law in Mississippi it does not matter whether or not the appellant in this case had been warned of the dangers to which he was exposed; it does not matter if he had keen realization of the dangers at that time and had temporarily forgotten their existence·at the moment of his injury. If this saw was dangerous or negligently located and operated (and these are questions which can only be decided by a jury) then the appellant is entitled to damages for his injury and the trial court erred in peremptorily directing the jury to find for the appellee. *Kress & Company* v. *Markline* (1917), 117 Miss. 37, 77 So. 859, Am. Cas. 1918E, 310; *City of Natchez* v. *Lewis*, (1907), 90 Miss. 310, 43 So. 471; *Seafood Company* v. *Alves* (1917), 117 Miss. 1; 77 So. 857; *Pascagoula St., Ry. & Power Company* v. *McEachern* (1915), 109 Miss.—69 So. 185.

It does not matter whether the appellant was guilty of negligence, or whether, if negligent, he was guilty of gross negligence, provided his injury was proximately due to the negligence of employees of the appellee; whatever negligence the appellant may have been guilty of can only be considered in reducing the amount of damages and· not in fixing liability. The case of *Y. & M. V. Railroad Company* v. *Carroll* (1912), 103 Miss. 830, 60 So. 1013, is authority for this point; *Y. & M. V. R. R. Company* v. *Williams*, 114 Miss. 236, 74 So. 835.

Conclusion. The real and only defense which the appellee has in this case was abolished by chapter 135 of the Laws of 1910.

We submit, that the trial court erred in peremptorily directing the jury to return a verdict for the defendant in that: First—There was a direct conflict in the testimony on several material points and it was for the jury and the jury alone to decide these disputed questions of fact. Second—Because, even if the trial judge believed the testimony on behalf of the appellee, defendant below, still the

appellant, plaintiff below, was entitled to recover damages for his injury.

*Caldwell & Caldwell,* for appellee.

We fully appreciate the fact that in the giving of a per emptory instruction, the trial court necessarily decided appellee was in control of and operating a saw mill and near one of the saws, for the convenience of its employees, a water barrel was placed in which ice was put once a day by the appellant, employed by the Charleston Coal & Ice Company for that purpose. We hardly think it makes any difference as to whether the appellant was an invitee or a licensee because, in our view of the case, no negligence whatever was shown in the appellee and whether he owed the appellant a higher or lower degree of care for his safety when on its premise makes no material difference, so long as it does not appear that the appellee was guilty of negligence.

There is no statute in this state requiring machinery to be guarded and a person failing to guard machinery assumes whatever burden may rest upon him for this failure. But, where the dangers are obvious or known, no precautions are necessary, provided the dangers are unconcealed or known to the person injured. 29 Cyc. 471.

In the case at bar there was nothing concealed and the danger to one placing his hands on the revolving saw was as much known to the appellant as to any employee of the appellee. The condition of the floor was good, unless it had been made unsafe by the appellant pouring water on it washing his ice off before putting it in the barrel. The proof taken as a whole conclusively convinces any unbiased mind that the cause of the injury was not the condition of the floor or the proximity of the barrel to the running saw, but the way and manner the appellant attempted to put the ice in the barrel.

In the first case relied on by appellant—*Allen* v. *Railroad Company,* 111 Miss. 267, the railroad company was

held to be negligent because one of the steps which it had undertaken to keep in repair was out of place. This was held to be active negligence on the part of the railroad company. This made an entirely different case from the one at bar. No act of negligence in the appellee is shown and as we have already stated, it makes no difference whether the appellee was an invitee or licensee as no negligence is shown and it is useless to discuss the fine drawn distinction between a licensee and an invitee. At times the distinction between the two might be of importance, but in the case at bar, we fail t∩ see any profit to be gained in a discussion of these distinctions.

The court should direct a verdict in an action to recover damages for personal injury where the facts are undisputed and as a matter of law, the alleged negligence was not the proximate cause of the injury. *Teis* v. *Smuttler Min. Co.*, 15 L. R. A. (N. S.) 893.

As to the third contention of the appellant, the case cited, *Campbell* v. *G. M. & N. R. R. Co.*, 89 So. 1, does not in our opinion sustain the contention. The facts in that case are not in any way similar to the case at bar. We take no issue with appellant as to the comparative negligence statute of Mississippi, but we do seriously contend that this case is not a case where this statute should be applied. The case of *Kress Company* v. *Markline*, 117 Miss. 37, is an entirely different case on the facts of the case at bar.

The case of *City of Natchez* v. *Louis*, 90 Miss. 310, which appellant says "Squarely supports his contention" we submit that there was active negligence in the city in permitting the defects in the sidewalk to remain, because cities are required to keep their sidewalks in safe condition for those who use them and they are constructed for the purpose of being walked upon and to permit a hole to remain in one is nothing more than a trap.

In *Seafood Company* v. *Alves*, 117 Miss., we submit that the principle there sustained by the court is entirely dif-

ferent from the one at bar and is not in point and this ob-
servation also applies to the case of *Pascagoula St. Rail-
way & Power Co.* v. *McEachern,* 109 Miss. 380. The last
two cases cited in appellant's brief, *Y. & M. V. R. R. Co.* v.
*Carroll,* 103 Miss. 830, and *Railroad Company* v. *Williams,*
114 Miss. 236, are cases on chapter 135, Laws of Mississippi
1910, and we submit that this statute has no place in this
case.

· If, as appellant contended should have been done, the
saw had been guarded, the accident might still have hap-
pened for the appellant, on account of the force and weight
with which he fell, might have broken any reasonable
guard placed around the saw. No person testified that the
saw could have been guarded while being used in the way
it was, except Mr. Fly who had never worked at a stave
mill, nor did he know how the saw was operated and for
what purpose it was used.

We think the case of *Gin Company* v. *Moore,* 103 Miss.
447, is authority for the peremptory instruction. *Cato* v.
*Ice Company,* 10 Miss. 590, 20 R. C. L. 184, et seq., 20 R.
C. L. 56, 20 R. C. L. 57; *Leonard* v. *Enterprise Realty Co.,*
10 A. L. R. 242, 29 Cyc. 453; *Snyder* v. *Arnold,* 122 Ky.
557; *Leonard* v. *Enterprise Realty Co.,* 10 A. L. R. 242; 29
Cyc. 440; *American Tobacco Co.* v. *Adams,* 137 Ky. 414,
cited in 9 N. C. C. A. at page 396; *Kleinsest* v. *Kinhardt,*
160 Mass. 230; *Stamford Mill Co.* v. *Barnes,* 103 Tex. 409,
Ann. Case, 1913A, page 111; *Spickernagle* v. *Woolworth &
Co., reported* in Ann. Cas. 1914A 132; *Dick* v. *Brown,* 41
Miss. 131.

We submit that where the appellee by his own act places
himself in a position of danger and caught hold of the re-
volving saw which he knew to be extremely dangerous suf-
fered the consequences of his negligent act. It makes no
difference whether he was an invitee or not, because that
fact did not preclude him from using his eyes, ears and
understanding. Just because he was invited to a danger-
ous place does not of itself excuse or absolve him from us-
ing ordinary care in protecting himself from injury. All

the facts were fully brought out. The court saw the situation and location of every part of the machinery, platform, etc., testified to by the witnesses from all which he rightfully concluded that as a matter of law, the appellant was not entitled to recover, and gave the peremptory instruction, which we submit was eminently proper.

ANDERSON, J., delivered the opinion of the court.

(After stating the facts as above). It is contended on behalf of the appellant that appellee owed the appellant the duty to furnish him a reasonably safe place in which to deliver ice to appellee; that on account of the floor around the water barrel being wet and slippery, it was an unsafe place for appellant to perform his duties; that the circular saw which cut off appellant's finger was a dangerous and unsafe piece of machinery; and that therefore it was the duty of the appellee to appellant to properly guard the same, and that if it had been so guarded the injury complained of would not have occurred.

The authorities are practically unanimous on the proposition that under the facts shown by the evidence in this case, the appellant was not a mere licensee but an invitee. He was where he had a right to be in the performance of his duties both to his employer and to the appellee. The authorities are also practically agreed upon the proposition that the owner of a building containing dangerous machinery who directly or by implication invites or induces another to go therein owes to such person the duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils in and about such machinery; and that the owner of such a building is liable for any injury received by such an invitee occasioned by the unsafe condition of such machinery therein, provided such unsafe condition is known to the owner and not to the invitee. That if there are hidden dangers upon such premises, the owner must use reasonable care to give warning thereof to the invitee. But such warning is only required

when the perilous condition is known to the owner of the building and not known to the invitee who is injured; and where the danger is obvious and known to the invitee who is injured no recovery is permitted. Mr. Justice HARLAN, in delivering the opinion of the supreme court in *Bennett* v. *Louisville, etc., R. R. Co.,* 102 U. S. 577, 26 L. Ed. 235, stated that the owner is liable to invited persons for injuries "occasioned by the unsafe condition of the land and its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public or to those who were likely to act upon such invitation." There is, therefore, no liability for injuries to invitees from dangers that are obvious. The principles involved in this case are clearly stated in 20 R. C. L. pp. 55 to 57, inclusive, sections 51 and 52, to support which the cases are collected in the notes.

Applying these principles to the facts of this case, it is clear that the appellee is not liable for the injury received by the appellant. Whatever danger there was on account of the floor around the water barrel being wet and slippery was not only known to the appellant, but was obvious to every one, and furthermore it was a condition partly brought about by the appellant himself in washing off the ice as delivered by him to the appellee. And the same is true of the saw by means of which the appellant lost his finger. It was running all the time the mill was in operation. According to appellant's testimony, it was located four feet from the water barrel, which was a mere estimate on his part. It was six feet by actual measurement according to the other evidence. Without conflict the evidence showed there was ample room between the barrel and saw to enable appellant to wash off and put the ice in the barrel. The running saw was plainly and obviously dangerous to those who might come in contact with it. The appellee was not required by law to provide a place for appellant to perform his duties as an invitee that would insure him against mere accidents.

Under the law, in order to hold the appellee liable for the injury to appellant, it is necessary that the appellee must have reasonably foreseen that the condition of the floor around the barrel and the proximity of the saw might result in some injury (not necessarily the identical injury received) to the appellant or some other person occupying a similar position. Stating the principle in a different way, the condition of the floor and proximity of the saw to the barrel must have been the proximate cause of the appellant's injury. And it cannot be said that they were in fact the proximate cause of the injury, unless the evidence tends to show that by reason thereof appellee should have anticipated some injury to appellant or some other person occupying a similar relation. As we view it, the evidence neither shows nor tends to show that. Counsel for appellant cites, with a good deal of assurance, to support his contention *Kress* v. *Markline,* 117 Miss. 37, 77 So. 858, Ann. Cas. 1918E, 310. That is a very different case on its facts from this. There the open elevator shaft, under the evidence in that case, was a menace to the customers of the mercantile establishment of defendant while making their purchases, and it was not shown that the deceased who fell down it and lost his life was either warned of it or knew of it. There was no error in directing a verdict for appellee.

*Affirmed.*