McFatter v. State.*

(Division A.   June 6, 1927.)

[113 So. 187.   No. 26397.]

Homicide.   *Though defendant claiming self-defense and witness were
sole eyewitnesses of the shooting, held there was conflict for
jury.*

Though defendant and his witness were the only eyewitnesses of
the shooting, and they testified that deceased drew a pistol
and defendant then shot in self-defense, yet defendant having
shortly before gone to his car and got a deadly weapon and
threatened to kill deceased, and been contradicted by evidence
that deceased was not armed at the time, there was such a ma-
terial conflict in the evidence as to warrant submission of the
case to the jury.

*Corpus Juris-Cyc References: Homicide, 30CJ, p 329, n. 20.

Appeal from circuit court of Copiah county.
Hon. E. J. Simmons, Judge.

Louis McFatter was convicted of manslaughter, and he
appeals.   Affirmed.

*M. S. McNeil,* for appellant.

It is our contention that the state wholly failed to make
out a case against the appellant, and that the court erred
in not sustaining a motion to exclude; and, secondly, that
after all of the evidence was introduced, the only explana-
tion of the killing was made by the appellant and the eye-
witness, Smith, and this explanation clearly showed that
the killing was justifiable and that the court erred in re-
fusing to grant the peremptory instruction to find the ap-
pellant not guilty.

Not a witness offered by the state attempts to offer any
explanation of the shooting, and not a witness offered by
the state was able to deny that the shooting took place in

the manner outlined by appellant and his witness. There-fore, we insist, under *Gaddis* v. *State,* 110 So. 691, that this case should be reversed and the defendant dis-charged.

*Rufus Creekmore,* Special Assistant Attorney-Gen-eral, for the state.

The rule of law laid down in the Gaddis case is sound and where testimony offered by the defendant does make out a case of self-defense, where his testimony is rea-sonable, is uncontradicted by other testimony in the case, including the physical facts and circumstances, then he is entitled to have the case reversed and to be dis-charged. The difficulty in the case at bar is that the de-fendant has not brought himself within the rule of law which is there expounded by the court.

In view of the numerous contradictions on the most essential and material parts of the testimony, can it be said that the jury was not warranted in disbelieving the testimony of the defendant and that of his main witness, Charlie Smith, to the effect that the shooting was in self-defense? We think that the rule of law laid down by this court in *McGehee* v. *State,* 138 Miss. 822, 104 So. 150, is controlling here. In that case the court held that where the circumstances of justification as set up by the de-fendant are contradicted by the physical facts in the case or by other testimony, the jury may disbelieve the tes-timony of the defendant and a conviction under such circumstances will be upheld.

McGᴏᴡᴇɴ, J., delivered the opinion of the court.

Upon an indictment for murder, McFatter, the appel-lant, was tried and convicted of manslaughter and sen-tenced to serve a term of fifteen years in the state peni-tentiary. From the conviction and sentence he appeals to this court.

Having closely read all the testimony in this case, the brief of appellant, the brief of the attorney-general, and the reply brief, we are of opinion that the facts in this case are wholly unlike the facts in the case of *State* v. *Gaddis* (Miss.), 110 So. 691, believing that, in this case, the jury was warranted, by the evidence in the case, in finding the facts against the appellant.

Appellant contends that the testimony of the defendant and of the witness, Charlie Smith (who was the only eyewitness) is a reasonable explanation of the facts and circumstances; that their testimony is not contradicted either by the physical facts or by the testimony of other witnesses; and that for these reasons; under the Gaddis case, he should have his case reversed and remanded for another trial.

McFatter shot and killed Sandifer while they were both in attendance upon a box supper given at a schoolhouse. McFatter was twenty-three years of age and the deceased, Sandifer, about seventeen years of age. The quarrel between the parties arose because the deceased flashed a flashlight in McFatter's wife's face, calling her "Mrs. McFatter," and asking her if she were not sorry she had married Louis.

Defendant says that he and the deceased, in company with Charlie Smith, had walked apart from the crowd a short distance; that the deceased drew a pistol; that he thereupon shot the deceased in self-defense. In this statement he is corroborated by his witness, Charlie Smith.

We think the jury was warranted in declining to believe the statements of the defendant and of his witness, because the defendant, immediately before the killing, threatened to kill the deceased; because the defendant, a few minutes before the killing, went to his car and secured a deadly weapon, returned to where the deceased was and renewed the difficulty, and, after that, sought to have the deceased go with him apart from the crowd to settle the matter between themselves with Smith as

the only spectator; and because he was contradicted in his statement that the deceased was armed at the time— no weapon having been found on or about the person of the deceased immediately after he was shot down. Defendant's theory that the deceased was armed is contradicted by the fact that defendant says he saw the witness, Ferguson, give a pistol to the deceased before the difficulty was renewed. The witness, Ferguson, contradicted him in this material statement, and Ferguson, in turn, was contradicted by two witnesses who testified that they saw Ferguson drop a pistol from his pocket in the schoolhouse where the crowd was assembled. Defendant is contradicted in the statement he attributes to the deceased just before the fatal shot was fired. In fact, he is contradicted in every material statement made with reference to the circumstances of the difficulty and what was said and done just preceding the shooting.

We think there was such material conflict in the testimony as to warrant the court in submitting the issue to the jury; and, upon a review of the whole testimony, we cannot say that the verdict of the jury in this case was wrong.

The argument addressed to us was, doubtless, presented to the jury, and it was proper for it (the jury) to pass upon it. We cannot disturb the verdict.

*Affirmed.*