D'ANTONI v. ALBRITTON.

(Division B. March 17, 1930.)

[126 So. 836. No. 28366.]

J. C. Shivers, of Poplarville, for appellant.

**J. M. Morse, Jr.,** of Poplarville, and **Grayson B. Keaton,** of Picayune, for appellee.

Argued orally by **J. C. Shivers,** for appellant, and by **J. M. Morse, Jr.,** and **Grayson B. Keaton,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant and her son, John D'Antoni, in the circuit court of Pearl River county, to recover damages suffered by appellee, alleged to have been caused by the negligence of appellant and her said son. There was a trial, resulting in a verdict

and judgment in favor of appellee in the sum of two thousand five hundred dollars; and from that judgment appellant prosecutes this appeal.

The Ideal Theater, in the town of Picayune, is a moving picture theater. At the time of the injury for which appellee brought this action, and for some time prior thereto, the Ideal Theater building and its entire equipment belonged to appellant. There was a signboard, made of heavy planks, something like six feet high, and from five to six feet wide, on which the advertisements of motion pictures coming to the Ideal Theater were posted. This board stood against the front of the theater building, the base resting on the sidewalk about six inches from the wall of the building, and to the top leaning against it.

Appellee was proceeding along the sidewalk in front of the Ideal Theater when a gust of wind blew down the board, which, as it fell, struck appellee, an old lady, and seriously injured her.

The declaration charged that the Ideal Theater was at the time controlled and operated by appellant and her son John; and that the proximate cause of appellee's injury was the negligent placing of the board against the wall in front of the theater building, and its maintenance there.

One ground urged by appellant for reversal is that the court erred in refusing to direct a verdict in her favor. Appellant's main defense to the action was that, although at the time of appellee's injury appellant owned the theater building and its equipment, she did not then operate the theater, and had not for some time theretofore—that she had leased the building and the equipment therein to her son John, who was at the time of the injury, and for some time theretofore, carrying on the moving picture business in the building, under the name of the Ideal Theater.

On this issue of fact appellant relied upon her own evidence alone, given as a witness on the trial. She testified directly and positively that, although she owned the theater building and its equipment at the time of the injury to appellee, she had no connection with, nor interest in, the moving picture business conducted therein; that some time previous to the injury she had leased the building and the business to her son John, who, at the time the injury occurred, was operating the Ideal Theater, and was alone responsible for its conduct and the placing of the advertising board in front of the building.

The evidence on behalf of appellee tending to establish that at the time of the injury the Ideal Theater was not only owned, but was being operated, by appellant, was not direct, but entirely circumstantial. Nevertheless, the evidence showed surrounding facts and circumstances strongly tending to contradict the evidence of appellant. We see no good purpose that would be served by setting out the evidence pro and con on this issue of fact. It is sufficient to say that the surrounding facts and circumstances were ample to make the question of appellant's liability one for the jury. There was no error, therefore, in the court's refusing the peremptory instruction requested by appellant.

The action of the court in giving the following instruction for appellee is assigned and argued as error by appellant: ''The court instructs the jury that you are the sole judges of the weight of the evidence and the credibility of the witnesses; and if you believe that any witness has testified willfully and falsely to any material matter in the case, then you may disregard the testimony of said witness altogether.''

The criticism of this instruction is that the word ''corruptly,'' or its equivalent, was left out of it—the criticism is well founded. White v. State, 52 Miss. 216; Vicksburg & M. R. Co. v. Hendrick, 62 Miss. 28; Sardis & D. R.

Co. v. McCoy, 85 Miss. 391, 37 So. 706; Davis v. State, 89 Miss. 119, 42 So. 541, 544; Wofford v. State, 99 Miss. 759, 56 So. 162.

It will be noted that the language used in the instruction is: "Testified wilfully and falsely to a material matter." A witness may testify falsely, and still his evidence may be honestly given. On account of. imperfect memory a witness might testify falsely in the utmost good faith, and such testimony, of course, would be wilfully given. Therefore, by this instruction, the jury were told, in effect, that, if any witness had testified falsely to any material fact, they might disregard his testimony, notwithstanding the witness intended and tried to tell the truth as to such fact.

To uphold the instruction appellee relies on Miller v. State (Miss.), 35 So. 690. Substantially the same instruction was involved in that case as in the one now under consideration. Without an opinion the judgment in that case was affirmed in the following language: "Affirmed. See Hammond v. State, 74 Miss. 214, 21 So. 149." An examination of the Hammond case shows that the decision in that case does not touch the question here involved. And, furthermore, that decision is of no value as a precedent, because it was necessarily overruled by subsequent decisions of this court, among which are those referred to above.

This instruction was harmful to the appellant, under the particular facts of this case. It was evidently directed at appellant's testimony in her own behalf. By the instruction the court said, in effect, to the jury: "Although you may believe from the evidence that the testimony given by appellant in her own behalf she honestly believed to be true—still, if it was false as to any material fact, you may, if you see fit, disregard her entire testimony."

Appellant proceeded with her defense on the idea that she and her son John were sued as partners in the op-

eration of the Ideal Theater; and in order, under section 1975 of the Code of 1906 (section 1707, Hemingway's Code of 1927), to force appellee to prove such partnership, filed a sworn plea denying the partnership.

On the trial appellant requested instructions to the jury, to the effect that, if appellee had failed to prove the partnership, they should return a verdict for appellant; which instructions the court refused. Appellant assigns and argues that action of the court as error. We do not think it was. The statute relied on by appellant had no application to this case. Appellant and her son were sued by appellee, not as partners, but as joint tortfeasors; and there is no evidence whatever tending to show a partnership between them. The evidence on behalf of appellee tended to show that appellant owned and carried on the theater, and used her son John as her agent to operate the machine that threw the pictures on the canvas. The evidence on behalf of appellant tended to show, as stated, that appellant had no interest in the moving picture business, but that her son John, alone, operated the picture show on his own behalf, under a lease of the building and its equipment from her. We are unable, therefore, to see how the partnership instructions denied appellant had any application to the case.

The court granted appellee instructions by which the jury were told that, if they believed from a preponderance of the evidence that appellant's son was her agent in the conduct of the theater, and if, in the scope of his employment, pursuing her business, he placed the advertising board in question on the sidewalk in front of the theater, leaning, unfastened, against the wall of the building, in an insecure position, where it was blown down by a gust of wind, striking and injuring appellee, then they should return a verdict against appellant, as well as against her son John.

We think these instructions were erroneous, and should not have been given, because they assume, as a fact, that

the placing of the advertising board in the manner described was a negligent act, for which appellant is liable. Whether it was a negligent act, causing the injury complained of, for which appellant was liable, was a question for the jury.

It is not every act resulting in injury to another that subjects the person doing the act to liability for the injury and damage resulting therefrom. The act must be of such a character that the person doing it should reasonably anticipate that some injury to another will probably result therefrom. Wilbourn v. Charleston Cooperage Co., 127 Miss. 290, 90 So. 9. "Fault on the part of the defendant is to be found in action or nonaction accompanied by knowledge, actual or implied, of the probable result of his conduct." 20 R. C. L., section 8, pp. 11 and 12, and authorities cited in note 17.

It was therefore a question for the jury as to whether or not the advertising board so maintained by appellant was such an act as that appellant should reasonably have anticipated injury to others therefrom.

For the giving of these instructions, and the one first discussed in this opinion, this judgment is reversed.

Reversed and remanded.