(Division A. June 9, 1930.)

[128 So. 764. No. 28853.]

Jno. M. Kuykendall, of Charleston, and Cook & Ascough, of Clarksdale, for appellant.

**Cook & Ascough,** of Clarksdale, for appellant.

**Wm. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **Vivien Cook** and **Joe Kuykendall**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

McClure was indicted, tried, and convicted on a charge of murder for the killing of Fletcher. The jury having disagreed as to the punishment, the sentence of the court was life imprisonment in the state penitentiary.

For the reason that we have concluded that this case must be remanded to the lower court for another trial, we forego a detailed statement of the facts.

The appellant, by his evidence, made out a case of self-defense, in that he contended that the deceased was

in the act of drawing a pistol from his hip pocket at the moment that he shot the deceased five times, one shot being in the abdomen, one in the right side, and three shots in the rear of the left shoulder, very close together.

There was another witness for defendant, who testified that she saw the deceased with a pistol in his hand; and still other witnesses testified to the finding of a pistol near the spot from which the body of the deceased was removed to the porch of a store.

No other witness save the defendant testified as to what occurred between the deceased and the defendant just prior to the shooting. However, the witnesses for the state testified to such a state of facts as to circumstantially contradict the defendant's statement.

It is earnestly urged that the defendant was entitled to a peremptory instruction because his version of the facts in regard to the homicide was uncontradicted by the testimony of the witnesses or by the physical facts.

In our opinion, this position is untenable, and the physical fact of the location of the wounds, as described by the doctor, and shown in the exhibit to his testimony, tends to contradict the appellant's version of the killing; likewise, the testimony of the witnesses in the store, as to the length of time intervening after deceased left the store before the shooting began, also tends to contradict the defendant. In the light of these contradictions, it was peculiarly a question for the jury as to whether or not the appellant's account of the facts was reasonable. See Brumfield v. State, 150 Miss. 552, 117 So. 529; McFatter v. State, 147 Miss. 133, 113 So. 187; Grady v. State, 144 Miss. 778, 110 So. 225; McGehee v. State, 138 Miss. 822, 104 So. 150, 151.

Second, the appellant assigns as error the action of the court in granting instruction No. 5 on behalf of the state, which is as follows:

"The court instructs the jury for the state, that you are the sole judges of the credibility of the witnesses in the case, and, if you believe from the evidence that any

witness has knowingly, or corruptly and falsely testified as to any material facts in this case, you are warranted in disbelieving all the testimony of any such witness; and the court further charges the jury that in passing upon the credibility of the witnesses you may consider the manner or demeanor of the witnesses while on the stand and the interest the witness may have in the case, if any such interest is shown by the evidence.''

The appellant's objection to this instruction is two-fold: First, that the jury were instructed that ''if you believe from the evidence that any witness has knowingly or corruptly and falsely testified as to any material facts in this case you are warranted in disbelieving all the testimony of any such witness;'' and, second, that the jury was warranted in considering the interest of any witness in the case.

On the first proposition the jury were told that they were warranted in disbelieving all the testimony of any witness under either of two conditions—that the witness had knowingly and falsely testified as to any material facts in the case, or that he had corruptly testified, etc. We take it that, in the sense in which it is here used, the words ''knowingly'' and ''willfully'' would be synonymous, and have so treated this instruction. We have repeatedly, and for a long time, warned the trial courts of the danger attendant upon granting this character of instruction. The two theories upon which the testimony may be disregarded, it will be noted, are disjunctively connected. This court has recently condemned an instruction which told the jury that they were warranted in disbelieving the testimony of any witness who had testified ''willfully and falsely'' to a material matter. In which case Judge ANDERSON, speaking for the court, said that the use of the words ''willfully'' and ''falsely'' (which we hold to be equivalent to ''knowingly'' and ''falsely''), used in regard to testimony as to a material fact, did not embrace and include the word ''corruptly''

—"The criticism of this instruction is that the word 'corruptly,' or its equivalent, was left out of it—the criticism is well founded. White v. State, 52 Miss. 216; Vicksburg & M. R. Co. v. Hedrick, 62 Miss. 28; Sardis & D. R. Co. v. McCoy, 85 Miss. 391, 37 So. 706; Davis v. State, 89 Miss. 119, 42 So. 541, 544; Wofford v. State, 99 Miss. 759, 56 So. 162."

The above is from the case of D'Antoni v. Albritton (Miss.), 126 So. 836, 837. See, also, cases therein cited.

In the case of Shelton v. State (Miss.), 126 So. 390, 395, Judge Cook, as the organ of the court, said: "This instruction was properly refused. It will be noted that the jury was thereby charged that, if they believed and concluded that anything a witness testified to was false, then in passing upon his testimony, they might disbelieve his entire testimony, or they might receive a part or reject a part. This instruction omits the *necessary qualification* that 'if the jury believe that any witness has *wilfully, knowingly,* and *corruptly* testified falsely as to any material fact or circumstance, then they may disregard his testimony entirely.' " (Italics ours.)

In the instant case, if the words "willfully" and "falsely" do not embrace the word "corruptly," then the converse is true that the word "corruptly" does not embrace the words "willfully" and "falsely."

The case here presented was an issue of fact, where the jury might well have found either way, and so many cases have been reversed for this error that we are under the necessity of reversing and remanding this case for another trial, for the erroneous giving of this instruction.

Third, while it is not the part of wisdom to direct the attention of jurors to any witness, and invoke that part of the instruction as to the interests of a witness, quoted above, in this case it appears that other witnesses with interest testified to material facts for the defense, and that it cannot be said with certainty that the instruction was aimed at the evidence of the defendant alone; and,

in addition to that, the defendant excluded an instruction which clearly announced the competency of the defendant as a witness, and that the law cast no suspicion on the defendant's testimony; and we would not reverse the case on account of this phase of this instruction.

We would say that the trial courts should beware of this character of instruction, for it is a rare case indeed where it is necessary to point out the interest of a witness to a jury selected under our system, with fair intelligence, and of good report in their several communities. It is not likely or probable that a jury will overlook the interest of a witness in a case.

We find no other reversible error; but, for the error in giving the instruction as quoted above, this case will be reversed and remanded for another trial.

Reversed and remanded.