W. T. FARLEY, INC. v. SMITH.

(Division B. Nov. 3, 1930. Suggestion of Error Overruled, November 17, 1930.)

[130 So. 478. No. 28847.]

**Dabney & Dabney**, of Vicksburg, for appellant.

**Vollor & Kelly** and **Chaney & Culkin,** all of Vicksburg, for appellee.

406

Argued orally by **J. B. Dabney**, for appellant, and by **R. M. Kelly**, and **A. A. Chaney**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The following instruction requested by the appellant was refused by the court:

"The court instructs the jury for the defendant that direct evidence is not essential to meet the legal require-. ments in proving a conspiracy, but that a conspiracy may be proved by circumstantial evidence, and if the jury believe from all the circumstances as disclosed by the evidence in this case that this plaintiff was a party to a conspiracy for the purpose of instituting and maintaining this suit, they must find for the defendant."

Appellee seeks to justify the refusal of that instruction by the contention that there was substantially no testimony to warrant it. On the contrary, the chief defense made by appellant, and a large part of its testimony, was exactly upon the theory sought to be recognized by the said instruction. And the refusal of the instruction cannot be said to have been harmless, since it is a matter of common knowledge that some jurors act with stubborn hesitancy on circumstantial evidence. The existence of this trait of character among some men is so well known that it has always been admitted, in a relevant case, as a legitimate inquiry of a tendered juror whether he will consider, or can be convinced on, circumstantial evidence—and as a ground for challenge if he answer in the negative. We think the refusal of the instruction in this case was error.

At the request of appellee the court granted an instruction as follows;

"The court instructs the jury that they are the sole judges of the credibility of witnesses and if they believe from the evidence that any witness in this case has willfully sworn falsely to any material fact testified to, then the jury may disregard the entire testimony of such witness, or they may believe a part and reject a part."

The quoted instruction is in substance the same as that condemned in D'Antoni v. Albritton, 156 Miss. 758, 126 So. 836. See, also, McClure v. State (Miss.), 128 So. 764, 766, and the long line of cases cited therein. An instruction of this character must always contain the full equivalent of the limitation that such false swearing was "wilfully, knowingly, and corruptly done." Railroad Co. v. McCoy, 85 Miss. 391, 37 So. 706. So often and throughout so many years has this announcement been reaffirmed that our course of action now must be as stated in the McClure case, supra: "So many cases have been reversed for this error that we are under the necessity of reversing and remanding this case for another trial, for the erroneous giving of this instruction."

There are more than twenty additional assignments of error. Most of them, we think, are not well taken; and, since those which are substantially debatable may be avoided in a new trial, we will not undertake to deal with them at this time.

Reversed and remanded.