PICKWICK GREYHOUNDS LINE, INC., *v.* JOHNSON.

(Division A. May 18, 1931.)

[134 So. 566. No. 29459.]

**Farish & Bell,** of Greenville, and **Dabney & Dabney,** of Vicksburg, for appellant.

**Ben Wilkes,** of Greenville, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Washington county, awarding the appellee a recovery of two thousand five hundred dollars as damages for personal injuries alleged to have been sustained as a result of the negligent operation of a bus on which he was a passenger, and which was owned and operated by the appellant.

The testimony bearing upon the issue of whether or not the overturning of the bus and consequent injury of the appellee was due to the negligence of the driver of the bus was sharply conflicting, and, in submitting this vital issue to the jury, the court, at the request of the appellee, granted an instruction in the following language: "The court instructs the jury for the plaintiff that if you believe from the evidence in this case that any witness has wilfully testified falsely concerning a matter material to the issue, then you are warranted in disregarding the entire testimony of that witness."

It has been repeatedly held that an instruction of this character "must always contain the full equivalent of the limitation that such false swearing was 'wilfully, knowingly, and corruptly done,'" and that such an instruction which omits this necessary limitation is erroneous. The appellee, however, seeks to distinguish, and avoid the force of, these decisions on the ground that the language condemned in the previous cases was that "if the jury believe that any witness has willfully and falsely testified to any material matter," while, in the case at bar, the instruction was that "if the jury believe that any witness has willfully testified falsely concerning any material matter. If there be any such distinction as contended, in the meaning and effect of these two phrases, an examination of the instruction condemned in the very recent case of W. T. Farley, Inc., v. Smith, 158 Miss. 404, 130 So. 478, will demonstrate

that such distinction cannot avail the appellee, as the language condemned in the instruction in that case is the same as that used in the instruction granted in the case at bar. No other assignments of error are argued, but for the error in the above-quoted instruction the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.