Dudley **WIDEMAN**, Administrator of the Estate of Claude Wideman, Deceased, Plaintiff-Appellant,

v.

**MISSISSIPPI VALLEY GAS COMPANY**, Defendant-Appellee.

No. 73–3574.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1975.

William S. Lawson, John L. Long, Tupelo, Miss., for plaintiff-appellant.

John M. Kuykendall, Jr., Minor C. Summers, Jr., Jackson, Miss., Ralph L. Holland, Tupelo, Miss., for defendant-appellee.

Before COLEMAN, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Claude Wideman was killed in an explosion and fire resulting when a small road grader he was operating on a private residential lot hit an underground gas line. The outcome of this appeal turns on a determination of the standard of care owed to Wideman by the defendant gas company under Mississippi law. The jury, instructed that the gas company owed a duty of ordinary care, apparently decided that the gas line easement was not adequately marked and the line itself was not a sufficient depth below the ground. Wideman's estate was awarded the sum of $100,000. Notwithstanding this jury verdict, the trial court entered a judgment for defendant on the ground that the jury had been incorrectly instructed as to the standard of care. The court held that the gas company owed no higher duty under the circumstances than to refrain from wanton or willful injury to decedent, and that the evidence was not sufficient for jury consideration under such correct standard. We affirm.

■ Essentially, we decide two points: *first,* a gas company with gas lines buried within the boundaries of a legal easement owes to a person making an unforeseeable extraordinary use of the surface no duty higher than to refrain from willful and wanton injury, unless and until it has notice of that proposed use; and *second,* on the record before us, the trial court was correct in the determination that the evidence was such that reasonable men could not differ on the facts that the gas company had received no notice of the extraordinary use, and that it had not breached its duty to refrain from willful or wanton conduct.

In 1930 Mississippi Valley Gas Company's predecessor-in-interest acquired a valid gas line right-of-way across some property in northern Mississippi which is presently owned by Tommy D. Beasley. The recorded easement conveyed a "right of way to lay, construct, maintain and operate a pipeline" across lands containing seventeen acres described in quarter section terms. The exact path of the easement was not described. The owner reserved the "use and enjoyment of said premises except for the purposes herein conveyed to purchaser." The document further provided that the pipeline was to be laid below plow depth (agreed by the parties to this litigation to be

below six inches), with the following paragraph:

It is understood and agreed that purchaser (the gas company) shall bury said pipe line below plow depth wherever it crosses any land that may be cleared and in cultivation, and shall also bury said pipe line below plow depth across any land that may be in future cleared and put in cultivation.

In compliance with the depth requirement, the gas line was originally laid about 36 inches below the surface. It has continued in use from its installation until the time of the occurrence of the accident involved in this case. During that period the character of the land changed from wilderness to residential, and a house was constructed thereon in 1946. The evidence was such that the jury could have inferred that the surface of the land had changed to the point that the pipe line may have been only five or six inches deep at the time of the accident. The area was grown over and had been undisturbed for some time. Mississippi Valley made periodic foot patrols along the gas line to determine potential problems from erosion, construction, and the like, but there were no signs marking the path of the line except where it crossed a public highway some distance from the point of the accident.

On April 17, 1971, Claude Wideman was operating a road grader on the Beasley property in response to Beasley's request for county assistance in alleviating a drainage problem created by water running off the city-maintained road immediately in front of his property. While Beasley was aware of the general location of the pipe line on his property, neither he nor decedent contacted Mississippi Valley to ascertain the exact location of the line. Mississippi Valley was not otherwise made aware of the fact that decedent intended to operate the road grader over the gas line. After making a few passes with the grader, decedent struck the gas line with the grader blade and the line ruptured, causing an explosion and fire which re-

sulted in decedent's unfortunate death a short time later.

■ We agree with District Judge William C. Keady that under the circumstances of the above accident, the defendant was entitled to judgment as a matter of law. Absent willful or wanton misconduct, the defendant could not be charged with fault of inaction until it had notice of the "hazard about to be experienced." Although there is little Mississippi law on the subject, the Supreme Court of Mississippi appears to recognize that in the operation of a gas line, some accidents and injuries are too remote and unforeseeable for a defendant to be held legally liable therefor. As said in a recent case involving a pipe line accident:

"The rule is firmly established in this state, as in nearly all the common law states, that in order that a person who does a particular act which results in injury to another shall be liable therefor, the act must be of such character, and done in such a situation, that the person doing it should reasonably have anticipated that some injury to another will probably result therefrom, D'Antoni v. Albritton, 156 Miss. 758, 766, 126 So. 836; Williams v. Lumpkin, 169 Miss. 146, 152, 152 So. 842; but that the actor is not bound to a prevision or anticipation which would include an *unusual, improbable,* or *extraordinary occurrence,* although such happening is within the range of possibilities. Illinois Cent. R. Co. v. Bloodworth, 166 Miss. 602, 617, 145 So. 333; . . ."

Larco Drilling & Exploration Corp. v. Brown, 267 So.2d 308, 310 (Miss.1972), *quoting* Mauney v. Gulf Refining Co., 193 Miss. 421, 9 So.2d 780 (1942) (emphasis added).

In *Larco Drilling,* the Supreme Court held that a county employee operating a bulldozer which struck the defendant's gas line thus causing the operator's injuries was a mere licensee and reversed a verdict in his favor and rendered judgment for the owner of the gas line. The county employee was attempting to fight

a forest fire at the time but his presence was unknown to the gas line owner.

Unless the likelihood of some accident or injury of the type which occurred in this case was reasonably foreseeable by Mississippi Valley, it was under no duty to take action to avoid such an accident. Mississippi Valley had duly recorded its easement on the county land records, thus giving full legal notice of the presence of the pipe line on the Beasley property. It could reasonably be expected that anyone planning use of the property would be aware of the pipe line's existence, if not its location. It could not be foreseeable by defendant that one knowing of the pipe line would excavate the property without inquiring of Mississippi Valley of the exact pipe line location.

There can be little doubt that had Beasley or decedent inquired about the location of the gas line or in any other way conveyed to Mississippi Valley any information from which it could have concluded that the easement was to be graded, Mississippi Valley would have been under a duty to take some action— for example, warning of the danger involved, marking the location of the line, or relocating it at a greater depth—to prevent an accident such as the one which did occur. *See* Young v. Herrington, 312 S.W.2d 685, 687 (Tex.Civ.App. 1958). But the record is clear that no one did anything to place Mississippi Valley on actual or constructive notice of the possibility of this particular road grader activity. Without such notice, a duty for defendant to take action could arise only if this type of accident and injury could have been reasonably anticipated. No duty would arise as to any "unusual, improbable, extraordinary and freakish accident" that, even though possible, a reasonable man would not have considered probable. *Larco Drilling, supra,* 267 So.2d at 310.

Other than *Larco Drilling,* there is little authority from the Mississippi courts from which to evaluate what they would consider as meeting this threshold test of foreseeability in a case of this type. The courts of Texas, which have handled a large number of oil and gas transmission line cases, have had greater opportunity to develop the scope of foreseeability in this unique area.

Texas views the issue of reasonable foreseeability in pipe line cases as centering on whether the use being made of the surface of the right-of-way is one that is ordinary, or one that is extraordinary, considering the character and location of the land. The operator has a duty to maintain the pipe line so that it will be safe for those making an ordinary use of the land, but anyone making an extraordinary use of the surface has the initial burden of either avoiding the pipe line or notifying the operator, who must then take steps to prevent contact. Phillips Pipe Line Co. v. Razo, 420 S.W.2d 691 (Tex.1967); Pioneer Natural Gas Co. v. K & M Paving Co., 374 S.W.2d 214 (Tex.1963). The language used by the Texas Supreme Court is very similar to that used by the Supreme Court of Mississippi in *Larco Drilling,* suggesting the two courts substantively view the issue in identical terms. The initial question becomes, then, whether the explosion in the instant case was caused by an ordinary use of the surface.

We are not here confronted with a road grader performing routine maintenance along a public thoroughfare, *compare* Concho Construction Co. Inc. v. Oklahoma Natural Gas Co., 201 F.2d 673 (10th Cir. 1953), but with a scraper operating some distance from and not parallel to the road. *See generally,* Annot., 30 A.L.R.3d 685 (1970). Plaintiff asserts that the use of county graders to alleviate drainage problems on private property is not uncommon in northeast Mississippi, but this does not make the use of construction equipment "ordinary" in the sense that it should be anticipated by the defendant without special notice. *Cf. Phillips Pipe Line, supra.*

"Ordinary" connotes a use that is "usual," "regular," and "normal," something of a continuing nature so that a person should be familiar with it. A basement may be dug when a house is built, but a house is not built on any particular lot with sufficient frequency to say that the digging of the basement

is an "ordinary use" of *that* lot. Since Mississippi Valley's liability must be defined by its conduct with respect to the Beasley property, the issue is what might be an ordinary use of the property.

What could ordinarily be expected in a semi-rural area might be the operation of automobiles on a dirt driveway over the pipe line, or someone planting a garden. We do not consider the excavation made of the surface here, however, as such that the defendant should be charged with protecting against it in the operation and maintenance of its pipe line. To hold it accountable in this circumstance would impose too heavy a responsibility for an occurrence that was only remotely and slightly probable under *Larco Drilling*.

Additional support for this view is found in that line of cases involving the operation and maintenance of uninsulated electric transmission lines. In these cases the courts appear to focus on the location of the accident and the foreseeability, in that location, of the conduct of the injured party from which the injury arises. *See generally* Mississippi Power & Light Co. v. Shepard, 285 So.2d 725 (Miss.1973).

Affirmed.