WOOD *v.* STATE.

(Division B. Jan. 13, 1936.)

[165 So. 123. No. 31896.]

McKeigney & Latham, of Eupora, and V. D. Rowe, of Winona, for appellant.

500

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **V. D. Rowe**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

Among the instructions given at the request of the state was one informing the jury that they were the sole judges of the credibility of the witnesses, and this instruction concluded as follows: "And if you believe from the evidence in this case beyond a reasonable doubt that any witness in this case has wilfully sworn falsely to any material matter in this case, you may reject the entire testimony of such witness, or you may reject a part and accept a part of the testimony of such witness." The quoted portion of that instruction has so often been condemned by this court that we were impelled to announce in McClure v. State, 157 Miss. 800, 128 So. 764, that a verdict and judgment would be reversed for that error alone, and this was repeated in Farley, Inc., v. Smith, 158 Miss. 404, 130 So. 478.

It was error, also, to admit the testimony of Gilliland in respect to the disconnected incident about hunting without a privilege license, and it was error to admit the rebuttal testimony of Patridge in regard to a statement made to him by the defense witness, Stella May Wood, because the statement attributed to her was in such form

502

that it partook more of the nature of an opinion than an averment of fact.

Reversed and remanded.