Mr. Justice Thacheb.
delivered the opinion of the court.
This is an indictment preferred by the grand jury of Lowndes county, against A. Morris, charging him in four counts: 1st. With the forgery of a bank-note of the Bank of the State of North Carolina. 2d. With uttering and publishing as true a forged bank-note of the Bank of the State of North Carolina. 3d. With having in his possession certain forged bank-notes of the Bank of the State of North Carolina, with the intent to utter the same. 4th. Comprising allegations similar to those of the third count.
The verdict of the jury was, that the prisoner was guilty upon the second, third, and fourth counts, without an express finding upon the first count.
*772 The objection to this verdict, that it is imperfect in not containing an express finding upon the first count, was examined in the case of Joel Swinney v. The State, ante, 576. And in that case, we held that such a finding was sufficient to warrant a judgment; and that it should be considered as tantamount to an acquittal upon the first count.
In regard to the evidence adduced upon the trial, it is observable that, while the fourth count charged the defendant with having in his possession, with the felonious intent to utter a bank note of the Bank of the State of North Carolina, numbered “ 417,” and, while a note of that description was presented in evidence to the jury, there was no proof adduced that the note was found in the possession of the defendant, and yet the jury found a verdict of guilty on that count.
An objection, taken to the verdict and judgment, is urged, that the court permitted improper evidence to go to the jury; and in looking through the record, we find that/the court permitted evidence to go to the jury, of a supposed attempt by the defendant, three years previously to the trial and the finding of the indictment, to utter some forged bank-notes of the Northern Bank of Kentucky. This was manifestly illegal evidence, besides having a strong tendency to prejudice the minds of the jury against the defendant.
Upon the whole, we think the plaintiff in error entitled to a new trial, which must be confined to the second, third, and fourth counts, he having been acquitted upon the first count. Campbell v. The State, 9 Yerg. 333; 1 Chitty C. L. 637.
Judgment reversed, and new trial awarded.