# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-00060-SCT

*IN RE: DEATH INVESTIGATION OF CHRISTIAN*
*ANDREACCHIO, THE ESTATE OF CHRISTIAN*
*ANDREACCHIO, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/2022 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT, JR. |
| TRIAL COURT ATTORNEYS: | CYNTHIA HEWES SPEETJENS |
| | GARRISON MICHAEL WHITE |
| | MARY HELEN WALL |
| | ASHLEY LAUREN SULSER |
| | CANDICE LEIGH RUCKER |
| | KASSIE ANN COLEMAN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA HEWES SPEETJENS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 03/21/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.   Following the death of Christian Andreacchio, Andreacchio's surviving family members have never been satisfied with authorities' ruling that Andreacchio took his own life.  In an effort to spur the prosecution of those they believe responsible for his death, members of his family petitioned the Circuit Court of Lauderdale County to appoint an attorney to act as district attorney.  The circuit court denied the petition on two grounds. First, the trial court misread our earlier order in ***In Re Fitch***, No. 2021-M-00630 (Miss. Oct.

19, 2021). Second, and decisive here, the petition was denied on the ground that Andreacchio's Estate and family did not have standing.

## I. Mississippi's victims' rights statutes do not grant standing.

¶2. The Estate of Christian Andreacchio filed a petition seeking to force the Circuit Court of Lauderdale County to appoint a district attorney *pro tempore* to investigate Christian's death. As with any claimant before a court, to file the petition, the Estate must have standing. To establish standing, the petitioner "must show it had a legal interest or 'a right to judicial enforcement of a legal duty[.]'" ***Jackson Pub. Sch. Dist. v. Jackson Fed'n of Tchrs. & PSRPS***, 372 So. 3d 997, 1001 (¶ 10) (Miss. 2023) (quoting ***City of Picayune v. S. Reg'l Corp.***, 916 So. 2d 510, 526 (¶ 40) (Miss. 2005)). Additionally, "different standing requirements are accorded to different areas of the law[.]" ***Picayune***, 916 So. 2d at 526 (¶ 40). The Estate, which is not a party to any action before the court, seeks to force the circuit court to appoint a district attorney to pursue criminal charges. It is hard to imagine any scenario in which a claimant would have standing to force a court to exert its judicial power in such a way, but it is clear the Estate does not.

¶3. At the hearing on the Estate's petition, the Estate argued that it has standing under the Mississippi Crime Victims' Bill of Rights, Mississippi Code Sections 99-43-1 to -101 (Rev. 2020). Its argument was that, as the victim of a crime, it is entitled to have questions answered and information provided by the district attorney prosecuting the case. The statement is generally consistent with the language and the purpose of the statute. The Estate

2

argued that because the court has not appointed a district attorney to prosecute the case, it was deprived of its statutory rights and thus has standing.

¶4.     The argument fails.  All of Title 99, Chapter 43, assumes that there is an ongoing investigation or prosecution, and it establishes victims' rights in that context.  There is no ongoing investigation or proceeding here.  The Meridian Police Department conducted two separate investigations into Christian's death and completed them both.  The Attorney General's Office presented the case to a grand jury, and it returned a no true bill, thus ending the process due to a lack of reasonable grounds to indict.  ***Wheeler v. State***, 219 Miss. 129, 63 So. 2d 517, 524 (1953).  There is no deprivation of the Estate's rights because the statute is inapplicable from the outset.  There is no ongoing proceeding via which the rights conveyed in the Mississippi Crime Victims' Bill could attach to the Estate.

¶5.     Furthermore, even if there were an ongoing proceeding, "[t]he rights of the victim do not include the authority to direct the prosecution of the case." Miss. Code. Ann. § 99-43-17 (Rev. 2020).  The legislature anticipated situations in which a person's right to be informed might be confused with a right to control.  Demanding that a prosecutor be appointed to run a third investigation is "direct[ing] the prosecution of the case." *Id.*

¶6.     Finally, the legislature has also addressed victim's rights in Mississippi Code Section 99-36-5.  After delineating rights that a victim has in subsections one and two, the statute explicitly addresses standing in subsection three, which reads, in part: "A victim, guardian of a victim, or close relative of a deceased victim does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge." Miss. Code. Ann.

§ 99-36-5(3) (Rev. 2020).  The statute clearly prevents the Estate from acting as a party and from contesting the district attorney's decision not to pursue further charges.

> **II.    There is no basis in Mississippi law to conclude that a private citizen may direct the State's prosecutorial powers.**

¶7.    Mississippi's Constitution provides for two elected officials empowered to handle offenses against the State.

¶8.    Article 6, section 173, provides for the attorney general.  While the duties and responsibilities of the attorney general are not delineated, we have held: "The creation of the office of attorney general by the Constitution vested him with these common law duties, which he had previously exercised as chief law officer of the realm." *Kennington-Saenger Theatres v. State*, 196 Miss. 841, 18 So. 2d 483, 486 (1944).  "As to all litigation, the subject-matter of which is of state-wide interest, the Attorney General alone has the right to represent the state."  *Id.* (internal quotation marks omitted) (quoting *Capitol Stages, Inc. v. State ex rel. Hewitt*, 157 Miss. 576, 128 So. 764 (1930)).

> At common law the duties of the attorney general, as chief law officer of a realm, were numerous and varied. He was chief legal adviser of the crown, was entrusted with the management of all legal affairs, and prosecution of all suits, criminal and civil, in which the crown was interested. He had authority to institute proceedings to abate public nuisances, affecting public safety and covenience [sic], to control and manage all litigation on behalf of the state, and to intervene in all actions which were of concern to the general public.

*State ex rel. Patterson v. Warren*, 254 Miss. 293, 180 So. 2d 293, 299 (1965) (citing *Capitol Stages, Inc.*, 128 So. at 762).

¶9.    Article 6, section 174, creates the office of district attorney for each circuit court district and provides that the powers of the district attorneys will be prescribed by law.

4

Mississippi Code Section 25-31-11 sets forth the powers of Mississippi district attorneys and provides, in part, as follows:

> It shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district and to appear in the circuit courts and prosecute for the state in his district all criminal prosecutions and all civil cases in which the state or any county within his district may be interested . . . .

Miss. Code Ann. § 25-31-11(1) (Rev. 2018). The above-quoted subsection places upon district attorneys the responsibility for representing the state "in all matters" before grand juries and prosecute on behalf of the state "all criminal prosecutions." *Id*. Although Mississippi Code Section 25-31-11 (Rev. 2018) and, indeed, the rest of the chapter contain additional provisions, none of them change the above language that places responsibility for *all* matters before the grand jury and of criminal prosecutions in the hands of Mississippi's district attorneys. None says that private citizens share in the responsibility or may direct district attorneys in the performance of their responsibilities on behalf of the state.

¶10. Similarly, our caselaw indicates that private citizens may not direct public prosecutions on behalf of the state. "Whenever we subject the established courts of the land to the degradation of private prosecution, we subdue their independence and destroy their authority." *Nat'l Sur. Co. v. Miller*, 155 Miss. 115, 124 So. 251, 253 (Miss. 1929) (internal quotation mark omitted) (quoting *Phelps v. Sill*, 1 Day 315, 329 (Conn. 1804)). To be sure, the above quote from *Miller* is found in the context of a discussion of judicial immunity, but the sentiment against private prosecution remains. In *Black v. State*, 187 So. 2d 815, 815 (Miss. 1966), the defendant was convicted of false pretense under Mississippi's then-existing

5

bad check law. We reversed Black's convictions because the trial court and county improperly excluded African-Americans from both the grand jury and the petit jury that convicted Black. *Id.* at 818. The **Black** Court further held that the trial judge should have recused himself because of his kinship to the primary witness for the prosecution. *Id.* at 819. In considering the recusal issue, the Court wrote:

> The prosecuting witness in the instant case filed an affidavit against appellant because of a bad check given to him by appellant. We will not discuss the facts, since the case must be tried again, *except to point out that the facts border upon a private prosecution*. However, we are of the opinion that the facts barely are sufficient to avoid a directed verdict. The prosecuting witness in the case at bar is interested in the outcome of the prosecution, more so than an ordinary, disinterested State witness.

*Id.* (emphasis added). Finally, in **Morris v. State**, 16 Miss. 762, 770-71 (1847), the Court wrote: "The only advantage which the defendant could take of the neglect of the district-attorney to mark the name of the prosecutor, would be to indict him for neglect of duty; and if on such indictment the district-attorney proved there was no private prosecution it would bar the indictment." In other words, the district attorney who had failed to mark his name would be held harmless unless there was evidence of private prosecution. The quoted language implies that private prosecution would have been unacceptable.

## CONCLUSION

¶11. The victims' rights statutes cited by the Estate do not convey standing to allow its petition, and every indication from Mississippi's prosecutorial structure and caselaw shows that allowing private direction of prosecutions, which must after all be brought on behalf of

6

the State, is disallowed.  Because the Estate lacks standing to file the petition that underlies the instant appeal, we affirm.

¶12.	**AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.  KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**